IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL OVERTURF,            )
                             )
        Petitioner,          )
                             )
    vs.                      )    Civil Case No.   06-454-MJR-PMF
                             )
DONALD HULICK,               )
                             )
        Respondent.          )

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is respondent's motion to dismiss (Doc. No. 12). In Franklin County Circuit Court, Michael Overturf was convicted of attempting to murder Orville and Ethel Nolen by striking each victim in the head with a blunt object. He filed this §2254 petition for a writ of habeas corpus, challenging the constitutionality of his attempt murder convictions and extended sentences. Overturf is in the custody of respondent Donald Hulick, the warden at Menard Correctional Center.

### Background

In 1989, Overturf was charged with two counts of attempt murder, two counts of armed violence, and one count of home invasion. He appeared with his attorney in Franklin County Circuit Court on December 4, 1989. Pursuant to negotiations, he pleaded guilty to the two counts of attempt murder and the State dismissed the charges of home invasion and armed violence. The trial court found that the victims were more than 60 years old and that the crimes were accompanied by exceptionally brutal or heinous behavior and imposed concurrent 40-year sentences. Overturf did not file a motion to withdraw his guilty pleas and did not pursue a direct appeal.

On June 24, 1992, Overturf filed a motion seeking leave to file a petition for a writ of habeas corpus with the Illinois Supreme Court, proposing four claims for relief. The motion was denied on September 30, 1992.

On December 23, 1992, Overturf filed a federal § 2254 petition for a writ of habeas corpus in the U.S. District Court for the Northern District of Illinois. The initial pleading was amended, raising claims that trial counsel did not provide effective assistance and that the guilty pleas were involuntary. The District Court conducted an evidentiary hearing and developed evidence showing that Overturf's trial counsel spent very little time discussing the case with Overturf and that Overturf was being medicated when he pleaded guilty. On September 27, 1996, the petition was denied after the Court determined that Overturf procedurally defaulted his claims by failing to present them to the state court in a direct appeal or a post-conviction petition and that he failed to establish cause and prejudice for the procedural default or show a fundamental miscarriage of justice. Overturf's request for a certificate of appealability was denied on April 1, 1997.

On January 26, 1999, Overturf filed a state petition for habeas corpus in Franklin County Circuit Court, raising claims regarding his trial counsel's performance, his guilty plea, the charges, and a search warrant. This habeas petition was dismissed on April 19, 1999.

On May 17, 1999, Overturf filed his first petition for post-conviction relief in Franklin County Circuit Court. The petition was dismissed on May 28, 1999. Overturf appealed. While the appeal was pending, Overturf filed another state petition for habeas corpus in Franklin County Circuit Court. The outcome of this petition is unclear; however, an appeal filed by Overturf was dismissed by the Illinois Appellate Court on October 23, 2001. Overturf also filed his second petition for post-conviction relief.

On October 16, 2002, the Illinois Appellate Court remanded Overturf's first post-conviction petition for further proceedings. On remand, Overturf's two post-conviction petitions were combined in an amended petition rasing the following claims: ineffective assistance of trial counsel, unknowing and involuntary guilty plea, insufficient factual basis to support the charges, insufficient factual basis to support the sentence, and imposition of an extended term without proof beyond a reasonable doubt. The Circuit Court dismissed the amended petition and the Illinois Appellate Court affirmed. *People v. Overturf*, Case No. 03-522 (Ill. App. June 6, 2005). The Illinois Supreme Court denied leave to appeal.

On September 29, 2004, Overturf filed a motion in Franklin County Circuit Court, seeking to vacate his conviction on the basis that the judgment was void. This motion was dismissed on November 23, 2004. Dismissal was affirmed on appeal. *People v. Overturf*, Case No. 04-757 (Ill. App. Nov. 10, 2005). The Illinois Supreme Court denied leave to appeal on January 25, 2006.

## Petition

This is Overturf's second § 2254 petition for a writ of habeas corpus, prepared and signed on April 27, 2006. Liberally viewing the allegations, Overturf presents seven grounds for habeas relief:

(1). He was deprived of his Sixth Amendment right to effective assistance of counsel because trial counsel failed to conduct an investigation, failed to evaluate evidence, failed to confer regarding a possible defense, filed motions without first consulting Overturf, failed to take steps to determine the nature of Overturf's medication or ascertain whether Overturf was mentally competent, and made deceptive remarks during plea proceedings.

(2). He was deprived of his 5th Amendment right not to be compelled to be a witness against himself because his guilty plea was invalid.

(3). He was deprived of his 14th Amendment right to due process when psychotropic drugs were used to coerce a guilty plea.

(4). He was deprived of his 14th Amendment right to due process when he did not receive a competence or fitness hearing before his guilty plea was accepted.

(5).  He was deprived of his 14th Amendment right to due process when he was convicted by a court lacking subject matter jurisdiction.

(6).  He was deprived of his 14th Amendment right to due process because his conviction was not adequately supported by facts.

(7).  He was deprived of his 5th Amendment right to due process and his 6th Amendment right to a jury trial when he was sentenced to an extended term on the basis of facts that were neither described in the charging instrument nor stipulated in open court.

## Motion to Dismiss

Respondent advances two grounds for dismissal: the petition is barred because it was not timely filed under 28 U.S.C. § 2244(d)(1), and the petition is improperly successive under 28 U.S.C. § 2244(b).  Overturf maintains that this habeas petition is timely under § 2244(d)(1)(A) because he is attacking a void judgment, which may be challenged at any time in state court.  He maintains that his petition is not improperly successive because his first federal habeas action was dismissed without prejudice for failure to exhaust state court remedies.

**I.      Timeliness.**

Section 2254 habeas petitions filed after April 24, 1996, are subject to a one-year limitations period, which begins to run from the latest date of several options: the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review, the date on which a State-created impediment to filing was removed, the date on which a new constitutional right recognized by the Supreme Court was made retroactively applicable to cases on collateral review, or the date on which the factual basis of the claim presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).[1]  Both parties rely on

---

[1] The statute further provides that the time during which a properly filed application for State post-conviction or other collateral review is pending shall not be counted.  28 U.S.C. § 2244(d)(2). Applications that do not satisfy the state's timeliness requirements are not properly filed.  *Brooks v. Walls*, 301 F.3d 839 (7th Cir. 2002).

subsection (A), which provides that the limitation period starts running at the conclusion of direct review or the expiration of the time for seeking such review. On this point, respondent suggests that direct review proceedings concluded on January 3, 1990, and that the limitations period began to run on April 24, 1996, the day the amendment imposing a limitations period became effective.

Petitioner argues that direct review proceedings will never end and that the limitation period will never start to run. Because Illinois does not consider a motion to vacate a void judgment to be part of the direct review process, Overturf's argument is not persuasive. *See People v. Rodriguez*, 823 N.E.2d. 224, 228 (Ill. App. 2005)(characterizing a motion to vacate a void judgment as a § 2-1401 petition seeking relief from a judgment). In other words, a motion to vacate a void judgment is part of a collateral proceeding. It is not part of the direct review process.

Overturf's opportunity to pursue a direct appeal in Illinois concluded well before the effective date of the limitations statute, and the one-year limitations period began to run on April 24, 1996, the date the statute became effective. At that time, Overturf was in the midst of pursuing a properly filed application for federal habeas corpus relief; however, he was not seeking any post-conviction or other collateral relief in state court. The statute's wording reveals that the limitations period is tolled only when an inmate is asking the state court to review the judgment. *See Lawrence v. Florida*, __ U.S. __; 127 S.Ct. 1079, 1083 (2007). Hence, the one-year limitations period started running on April 24, 1996, and expired one year later, on April 24, 1997.[2] Overturf's petition, signed in April, 2006, is untimely and barred by the one-year limitations period.

---

[2] Even assuming that the limitations period was tolled while Overturf completed the proceedings on his first federal habeas petition, the limitations period still expired long before the current petition was signed on April 27, 2006.

### II.     Successiveness.

Because this habeas proceeding is barred as untimely, the Court does not reach respondent's argument that the petition is also improperly successive.

## CONCLUSION

IT IS RECOMMENDED that respondent's motion to dismiss (Doc. No. 12) be GRANTED. This action should be dismissed pursuant to 28 U.S.C. § 2244(d), as untimely filed.

SUBMITTED:     April 16, 2007     .

*s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**